**Opinion filed August 21, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00056-CV

_____

## IN THE INTEREST OF S.L., JR. AND C.I.L., CHILDREN

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 49,015**

### M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it terminated the parental rights of the mother and father of S.L., Jr. and C.I.L. The mother appeals.[1] We affirm.

#### *Issues*

The mother presents two issues for review. In these issues, she asserts that the evidence is legally and factually insufficient to support the finding that termination is in the best interest of the children.

---

[1]We note that the father, who voluntarily relinquished his parental rights, did not file an appeal.

*Termination*

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West 2014). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the trial court found that the mother committed three of the acts listed in Section 161.001(1). The trial court found that the mother had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, that the mother had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, and that the mother had failed to comply with the provisions of a court order stating the actions necessary for her to obtain the return of the children. *See id.* § 161.001(1)(D), (E), (O). The mother does not challenge the findings made pursuant to Section 161.001(1). Any one of these unchallenged findings was sufficient to support termination as long as termination was shown to be in the children's best interest. *See id.* § 161.001. The trial court also found that termination was in the children's best interest. *See id.* § 161.001(2).

*Analysis: Best Interest*

The question before us is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that the Department of Family and Protective Services originally received information that both parents were abusing drugs and that domestic violence was occurring in the home. Police subsequently summoned Melissa Rigdon, an investigator for the Department, to the parents' apartment, where police were investigating a domestic disturbance and a missing persons' report. Rigdon determined that the children were in danger, and she took emergency custody of the children. At the time of removal, the children's father admitted that he used crack cocaine, but the mother tested negative for drugs.

The children, who were ages four and five at the time of the removal, told Rigdon that their parents "beat each other up." Rigdon observed both children

3

exhibit concerning behavior before they left the parents' apartment. C.I.L., in particular, acted very aggressively toward the family dog; he pushed down its eyelids and kicked the dog.

The mother testified at trial that both she and her husband, the children's father, had used drugs. She also admitted that she had not obtained a psychological evaluation, had not completed parenting classes, had not gone to individual counseling, and had used cocaine while this case was pending. The mother testified that, at the time of the final hearing, she lived with her father, not her husband, and had a suitable home for the children. The mother testified that she had never beaten her children and that she was "not on drugs anymore." The mother asked that her parental rights not be terminated; she did not believe that termination was in the children's best interest because her children need her, love her, miss her, and cannot wait to come home. She and the children were still closely bonded.

A conservatorship caseworker for the Department, Kirstie Clark, testified that she had visited with the mother about the positive results of the mother's hair follicle test. She also testified that Tony Marquez, the mother's drug and alcohol counselor, said that the mother was not ready for change; Marquez had recommended that the mother attend AA or NA classes, which the mother had not done.

Clark testified that the children were currently placed in a foster home and that the Department's plan for the children was termination and unrelated adoption. The current foster parents were willing to allow the children to remain in their home but did not wish to adopt the children; the Department had not yet identified a prospective adoptive home. The children, who had "increased behaviors," required consistent structure, redirection, and stability. According to Clark, the

4

mother had not demonstrated stability or shown that she was able to meet her children's needs. The Department, therefore, recommended termination.

The children's attorney ad litem informed the court that the children were troubled children who were still in counseling at the time of the final hearing and were very bonded to their mother. The ad litem stated, "I guess my recommendation at this time would be that her parental rights not be terminated, but that the children not be returned to her." A CASA volunteer recommended that the mother's parental rights be terminated. She noted a tremendous improvement in S.L., Jr.'s behavior at school and in the foster home since the beginning of the case. She stated that both children were "doing wonderful where they're at now" and that the children had responded well to the structure and discipline of the foster parents.

Based upon the evidence in the record and the *Holley* factors, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence; the trial court could reasonably have formed a firm belief or conviction that it would be in the best interest of S.L., Jr. and C.I.L. for the mother's parental rights to be terminated. The evidence is both legally and factually sufficient to support the best interest finding. We overrule the mother's first and second issues.

*This Court's Ruling*

We affirm the trial court's order of termination.


MIKE WILLSON

August 21, 2014                                        JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5